# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMIREZ CASTANEDA, | Case No. 1:26-cv-01866-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | |
| TODD LYONS, et al., | (ECF No. 13) |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Colombia who lawfully entered the United States on August 1, 2023, with a B-2 visa and remained continuously in the United States thereafter. Petitioner filed an affirmative asylum application with U.S. Citizenship and Immigration Services on March 12, 2024, which remains pending. (ECF No. 1 at 4, 5.[1])

On or about January 27, 2026, Petitioner was stopped during a traffic stop. Petitioner was not cited, and no criminal charge resulted from the stop. U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody, and Petitioner has remained in Department of Homeland Security ("DHS") custody since January 27, 2026, and has been transferred through

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

multiple facilities. On February 17, 2026, Petitioner was transferred to the California City Correctional Facility, where he is currently detained. Petitioner has no prior criminal record. (ECF No. 1 at 5.) Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236. The immigration court did not adjudicate Petitioner's custody on the merits, instead it "No Actioned" the request on February 19, 2026. (ECF No. 1-2 at 8.)

On March 6, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that continued confinement without an individualized bond hearing violated due process and the Immigration and Nationality Act ("INA"). (ECF No. 1.) On April 1, 2026, Respondents filed a motion to dismiss the petition because the immigration court had scheduled a bond hearing for April 9, 2026, and "Petitioner has been provided the process available under the Immigration and Nationality Act to seek release from custody." (ECF No. 13 at 1.) On April 14, 2026, Petitioner filed an opposition to the motion to dismiss, arguing that because the April 9, 2026 bond hearing was not constitutionally adequate, the petition is not moot and dismissal is not warranted. (ECF No. 15.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, Petitioner alleges:

At the April 9, 2026 bond hearing, the Immigration Judge indicated that Petitioner would be denied bond based on a purported flight-risk finding tied to the sponsor's income. Counsel advised the Court that Petitioner's mother and sponsor had sufficient resources to post a reasonable bond, but the Court's stated reasoning treated limited income as dispositive. Because it was clear the Court

would deny bond on that basis, counsel withdrew the bond request rather than proceed to an inevitable denial premised on an improper standard.

(ECF No. 15 at 2.)

"The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). Here, Respondents have not filed a reply in support of the motion to dismiss and have not responded to Petitioner's allegations regarding what occurred at the April 9, 2026 hearing.[2] Petitioner argues that a "bond hearing that is merely scheduled or that occurs but does not provide a constitutionally adequate determination does not moot a detention habeas petition" because "[w]here no valid merits determination has been provided, the Court can still grant effective relief by ordering a prompt, constitutionally adequate hearing or release." (ECF No. 15 at 2, 3.) Accordingly, at this point in the proceedings, the Court recommends finding that Respondents have not met their heavy burden of establishing that there is no effective relief remaining that the Court could provide and denying the motion to dismiss without prejudice.[3]

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondents' motion to dismiss (ECF No. 13) be DENIED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

---

[2] The Court notes that no transcript or recording of the hearing has been provided by either party.

[3] In so concluding, the Court expresses no opinion regarding the adequacy of the April 9, 2026 hearing.

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge